EDWARD DONOHOE *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation existing under the laws of the State of Delaware.

*Case—Negligence—Damages—Pleading—Demurrer.*

Where, in an action against a railway company to recover damages for injuries to plaintiff's wagon, the declaration specifically sets forth that the defendant company negligently ran into the plaintiff's wagon, and describes the negligent act, it is sufficient.

(*February 27, 1902.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, February Term, 1902.

ACTION ON THE CASE (No. 123, September Term, 1901), to recover damages for injuries to plaintiff's wagon.

Demurrer.

The declaration contained but one count which set forth, *inter alia*, the following:

"That the said defendant on the seventeenth day of August, A. D. 1901, at the City of Wilmington aforesaid, so negligently and carelessly operated one of its said cars that thereby the said car ran into and upon a certain wagon of the said plaintiff which was then and there lawfully, and in the exercise of due care and caution on the part of the driver thereof, on one of the public streets of the said city, to wit, on Market street, and thereby the said wagon of the said plaintiff was greatly injured, damaged and destroyed," and by reason thereof the plaintiff was put to large expense in and about the repair of said wagon, to wit, in the sum of $200," etc.

The defendant demurred to the above declaration upon the following grounds, viz :

1. That the said declaration does not set forth, allege or describe any particular kind of carelessness or negligence.

2. That said declaration merely sets out a conclusion of law. *King vs. Wil. & New Castle Elect. Ry. Co., 1 Pennewill, 452.*

*Hilles for plaintiff:*—If the act itself is sufficiently described in the declaration, it is sufficient to allege that said act was negligently done.

*Breese vs. Trenton Horse R. R. Co., 50 N. J. L., 250; Central R. R. Co. of N. J., vs. A. D. S. Horn, 38 N. J. L., 133; Brinde vs. R. R., 42 Iowa, 376; Ind. &c. R. R. vs. Kelly's Admr., 23 Harrison (Ind.), 133; Goldrick vs. Union R. R. Co., 2 Am. Neg. Rep., 647.*

LORE, C. J.:—This is a very different case from that of *King vs. The Wilmington and New Castle Electric Railway Company.* The narr specifically sets forth that the defendant company negligently ran into the plaintiff's wagon and describes the negligent act.

                           Demurrer overruled.